45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Roger D. TERRY, Plaintiff-Appellant,
v.
HARNISCHFEGER CORPORATION, a Delaware Corporation, Defendant-Appellee,
and
The Crosby Group, Incorporated, a Minnesota Corporation;
Gunnebo/Johnson Corporation, Defendants.
 No. 93-2080.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 7, 1994.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CA-92-842-3)
 Woodson T. Drumheller, Richmond, VA, for Appellant. James W. Morris, III, Michelle P. Wiltshire, MORRIS & MORRIS, Richmond, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roger D. Terry appeals the district court's order granting summary judgment in his civil action for damages he suffered when a steel grid slipped off of the crane that Terry was operating and fell on his legs. Terry sued the manufacturer of the crane and its component parts on numerous theories, including a failure to warn of the danger of the operation of a recently installed control box in conjunction with an open-throated hook. The district court granted summary judgment for the Defendant, relying primarily on the applicable Virginia Statute of Repose. Va.Code Ann. Sec. 8-24.2 (Michie 1964). The district court also reached the merits of Terry's claim regarding the recently installed control box based on a concession by Terry's counsel at oral argument that the control box itself was not inherently dangerous.
 
 
 2
 Terry appeals, claiming that no such concession was made at oral argument and that the district court misconstrued his theory of liability.* Finding no error, either in the district court's findings of fact or legal analysis, we affirm.
 
 
 3
 Whether the district court's conclusion was based on a finding of fact, that this Court reviews by a clearly erroneous standard, or a determination that there is no genuine issue of material fact, which is reviewed de novo, we are convinced that the district court did not err. Terry contends that the lack of a warning on the control box transformed the otherwise innocuous box into an inherently dangerous component of the crane. The real risk of harm associated with the crane, however, is intimately related to the open-throated hook. It is this part of the crane which might, in some circumstances, allow the load to fall. It is for this possibility that Terry contends Harnischfeger owed him a warning, not any subtle danger regarding the control box.
 
 
 4
 This argument has no merit. In Virginia, a manufacturer has no duty to warn of the open and obvious dangers associated with a component part that is not in and of itself inherently dangerous. Marshall v. H. K. Ferguson Co., 623 F.2d 882, 886 (4th Cir.1980); see also Spangler v. Kranco, Inc., 481 F.2d 373, 375 (4th Cir.1973). Because Terry conceded that the control box was not inherently dangerous, Harnischfeger did not have a duty to warn Terry of the open and obvious danger associated with the operation of the crane using an open-throated hook. Marshall, 623 F.2d at 886. The district court's order granting summary judgment was not in error.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Notably, Terry does not ask this Court to disturb the district court's ruling that both the crane and the hook itself were covered by the Statute of Repose